Brett D. Cragun (#8683)
CRAGUN & CRAGUN
PO Box 160234
Clearfield, UT 84016
T: (801) 513-2060
F: (801) 513-2082
E: Brett@BrettCragun.com
*Attorney for Plaintiff*
*Tomas Cruz Villalvazo*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| TOMAS CRUZ VILLALVAZO, <br><br> Plaintiff, <br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendant. | Case No. <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **FCRA, 15 U.S.C. § 1681** *et seq.* |

Plaintiff Tomas Cruz Villalvazo ("Plaintiff"), by and through the undersigned counsel, hereby brings this Complaint and Demand for Jury Trial ("Complaint") against Defendant Experian Information Solutions, Inc. ("Experian"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as Plaintiff alleges violations of federal laws: 15 U.S.C. § 1681.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events

or omissions giving rise to the claim occurred in this District.

3. Defendant transacts business in this District; Defendant purposefully avails itself of the protections of this District; and Defendant regularly directs business at the district, such that personal jurisdiction is established.

## PARTIES

4. Plaintiff, Tomas Cruz Villalvazo, is a natural person who resides in Park City, Utah, within the confines of Summit County. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant regularly conducts business in this district. Defendant regularly engages in the business of assembling and evaluating consumer information for the purpose of selling consumer reports to third parties. Therefore, Defendant is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

6. Experian maintains a principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626. Experian may be served at its principal place of business.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein.

9. Plaintiff is twenty (20) years old. After graduating high school, Plaintiff started building his credit with the intention of setting himself up for a financially secure future.

10. Plaintiff opened his first credit card with Mountain America Credit Union ("MACU") in

May 2020.

11. Plaintiff regularly used and made payments on the credit card, but it had a limit of $1,000.

12. After a couple of years of perfect payment history, Plaintiff was certain that MACU would approve him for a higher credit limit.

13. On or about January 27, 2022, Plaintiff went to MACU to increase his existing credit card limit.

14. During his visit, the MACU representative pulled Plaintiff's Experian consumer report.

15. After reviewing Plaintiff's Experian report, the MACU representative denied his request for a credit increase.

16. The MACU representative told Plaintiff that his credit limit could not be increased because his Experian consumer report was showing a number of collection accounts.

17. When Plaintiff explained that he did not have any accounts in collections, the MACU representative advised him to contact all three of the major credit reporting agencies ("CRAs") (Defendant Experian and non-parties Equifax Information Services, LLC and Trans Union LLC).

18. Shortly thereafter, Plaintiff called all three CRAs to inquire about his consumer reports.

19. Upon information and belief, representatives of both Equifax and Trans Union assured Plaintiff that there were no collections accounts in his respective credit files.

20. Upon information and belief, Plaintiff also tried to call Experian but was unable to reach a representative.

21. On or about April 6, 2022, Plaintiff obtained a copy of his Experian consumer report.

22. Upon review, Plaintiff realized that the MACU representative was correct. His Experian report listed seven separate Express Recovery Services Accounts ("the Accounts").

COMPLAINT AND DEMAND FOR JURY TRIAL

23. Each of the seven Accounts was "opened" on August 1, 2021, in collections, and listed "University of Utah Health Care" as the original creditor.

24. Plaintiff was extremely confused. Not only had he never heard of "Express Recovery Solutions" ("Express"), but he had never received medical care from the University of Utah,

25. Plaintiff was frustrated to see that his credit score had been significantly harmed by the seven collections accounts that he was sure did not belong to him.

26. Plaintiff called the University of Utah Health Care billing department to inquire about the Accounts.

27. The representative he spoke with was unable to find **any** indication that Plaintiff had ever received care at the University of Utah.

28. The representative tried to locate the Accounts using Plaintiff's full name, date of birth, social security number, and phone number, to no avail.

29. Desperate for an explanation, Plaintiff called Express to inquire about the Accounts.

30. The representative was able to use the partial account numbers and balances listed on Plaintiff's Experian consumer report to locate the Accounts in Express' records.

31. However, the Express representative could not find a single account that was associated with Plaintiff's full name, date of birth, and/or social security number.

32. The representative told Plaintiff that according to Express' records, the Accounts listed on Plaintiff's Experian report belonged to a "different Tomas," born on May 5, 1951.

33. Upon information and belief, the "Tomas" responsible for the Accounts is Plaintiff's grandfather, Tomas Cruz Correa.

34. Upon information and belief, non-party Express furnished information about the Accounts

to Experian, Trans Union, and Equifax that indicated the responsible consumer was named "Tomas Cruz Correa" and born on May 5, 1951.

35. Upon information and belief, non-parties Equifax and Trans Union maintained and followed procedures that prevented them from inaccurately associating the Accounts with Plaintiff's credit files.

36. Upon information and belief, Experian included the Accounts on Plaintiff's consumer report even though the information furnished by Express did not match Plaintiff's full name, date of birth, or social security number to the Accounts.

37. Upon information and belief, the three major consumer reporting agencies (Experian, Trans Union, and Equifax) share consumer information with each other.

38. Accordingly, Experian knew or should have known that it had mixed the Plaintiff's file with his grandfather's when Trans Union and Equifax did not report the erroneous collections information about the Plaintiff.

39. Experian's reporting about Plaintiff was willful because it was carried out in reckless disregard for his rights as required by the Fair Consumer Reporting Act.

40. Experian had actual knowledge that its loose matching algorithms often resulted in account information being attributed to the wrong consumer (also known as a "mixed file").

41. As early as 1991, the Federal Trade Commission ("FTC") brought an enforcement action against Experian [formerly TRW, Inc.] in the United States District Court for the Northern District of Texas. *FTC v. TRW, Inc.*, 784 F. Supp. 361 (N.D. Texas 1991). In settling the enforcement action brought by the AGs, Experian agreed to maintain reasonable procedures to prevent the occurrence or reoccurrence of mixed files. Another enforcement action was brought against

Experian by nineteen state attorneys general that resulted in a similar consent order as described in the previous paragraphs, including the procedures related to the prevention of mixed files and procedures to reinvestigate disputes resulting from mixed files. See *TRW, Inc. v. Morales*, Civil Action No. 3-91-1340-H (N.D. Tex. 1991).

42. Similar enforcement actions were brought in 1992 and 2016, which resulted in consent orders where all three CRAs agreed to maintain reasonable procedures to prevent the occurrence or reoccurrence of mixed files, among other things.

43. Despite the consent orders with the FTC and the Attorneys General, Experian maintains procedures that allow its computer system to add an account to a consumer's credit file without first requiring the furnisher to provide the responsible consumer's complete identifying information.

44. Upon information and belief, Experian maintains procedures that match accounts with consumers based on incomplete and/or nonexistent identifying information because it allows them to sell more consumer reports.

45. Experian has knowledge that its system causes one individual's consumer report to be confused with another individual's consumer report causing a "mixed file."

46. Moreover, Experian has actual knowledge that the three major credit bureaus have been sued repeatedly for failing to prevent mixed consumer files, including an $18.6 million dollar verdict against Equifax after it placed the information of another consumer into a plaintiff's record with the same name and failed to correct its errors. *Miller v. Equifax Information Services, LLC*, 3:11-cv-1231 (D. Or. 2011); *see also Calderon v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 89375, *10 (D. Idaho 2012); *Howley v. Experian Information Solutions, Inc.*, Civil Action

No. 09-241 (D.N.J. filed January 16, 2009); *Ainsworth v. Experian Info. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 63174 (C.D. Cal. 2011); *Novak v. Experian Info. Solutions, Inc.*, 782 F. Supp. 2d 617 (N.D. Ill. 2011); *Comeaux v. Experian Info. Solutions*, 2004 U.S. Dist. LEXIS 10705, *20 (E.D. Tex. 2004); *Cartwright v. Experian, et al.*, Case No. CV 09-427 (C.D. Cal. 2009); *Campbell v. Experian Info. Solutions, Inc.*, 2009 U.S. Dist. LEXIS 106045 (W.D. Mo. Nov. 13, 2009); *Jensen v. Experian Info. Solutions, Inc.*, 2001 U.S. Dist. LEXIS 15134 (E.D. Tex. Mar. 30, 2001); *Williams v. Equifax Information Solutions, LLC*, No. 48-2003-CA-9035-O (Orange County 2007); *Apodaca v. Discover Financial Services*, 417 F. Supp. 2d 1220 (D.N.M. 2006).

47. Upon information and belief, the foregoing lawsuits and enforcement actions did not prompt a significant modification in Experian's procedures to assure that the consumer reports that it prepares, publishes, and maintains are maximally accurate, as required by the FCRA at 15 U.S.C. § 1681e(b).

48. Upon information and belief, Experian has not, and does not intend, to meaningfully modify its procedures to comply with this section of the FCRA because compliance would drastically increase its operating expenses.

49. Accordingly, Experian's erroneous inclusion of the Accounts on Plaintiff's consumer report was willful.

50. Experian's repeated failure to meaningfully modify its procedures caused substantial harm to Plaintiff.

51. As a direct result of Experian's inaccurate reporting of the Accounts, Plaintiff's credit score dropped significantly.

52. The harm to Plaintiff's credit score was extremely frustrating and stressful, as he had just

started building his credit and was proud of his progress thus far.

53. The Accounts, which do not belong to Plaintiff, are the only derogatory items on Plaintiff's consumer report.

54. As a direct result of Defendant's conduct, Plaintiff has suffered actual damages including but not limited to: reduced credit worthiness, stress, anxiety, frustration, sleeplessness, wasted time, and at least one credit denial.

55. Experian's willful violations of the FCRA render it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

56. Alternatively, Experian's erroneous inclusion of the Accounts on Plaintiff's consumer report was negligent.

57. Experian's negligent violations of the FCRA render it liable for Plaintiff's statutory and actual damages, as detailed herein. 15 U.S.C. § 1681o.

58. In any event, Experian is liable for Plaintiff's reasonable attorney's fees and costs, as described in 15 U.S.C. §§ 1681o, 1681n.

## COUNT I
### Experian's Violations of 15 U.S.C. § 1681(e)(b)

59. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

60. The FCRA requires consumer reporting agencies, like Experian, to maintain reasonable procedures to ensure they compile and disburse consumer credit information with maximal accuracy. 15 U.S.C. § 1681e(b).

61. Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation, maintenance, and

dissemination of Plaintiff's consumer report(s).

62. Specifically, Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to ensure that the information in Plaintiff's consumer report was associated with his personal identifiers (full name, date of birth, and social security number).

63. It was wholly unreasonable for Experian to inaccurately list the Accounts on Plaintiff's consumer report when the furnisher provided it with information that proved Plaintiff was not the responsible consumer.

64. As a result of Experian's failure to maintain reasonable procedures to ensure maximal accuracy of Plaintiff's consumer information, Plaintiff has suffered statutory and actual damages as detailed herein.

65. Experian's violations of 15 U.S.C. § 1681e(b) were willful. Therefore, Experian is liable to Plaintiff for actual, statutory, and punitive damages in amounts to be determined at trial. 15 U.S.C. § 1681n.

66. Alternatively, Experian's violations of 15 U.S.C. § 1681e(b) were negligent. Therefore, Experian is individually liable to Plaintiff for statutory and actual damages in amounts to be determined at trial. 15 U.S.C. § 1681o.

67. In any event, Defendant Experian is liable for Plaintiff's reasonable attorney's fees and costs, pursuant to 15 U.S.C. §§ 1681n, 1681o.

## **TRIAL BY JURY**

68. Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Tomas Cruz Villalvazo, respectfully requests judgment be entered against Defendant, for the following:

A. Actual damages pursuant to 15 U.S.C. §§ 1681o and/or 1681n;

B. Statutory damages pursuant to 15 U.S.C. §§ 1681o and/or 1681n;

C. Punitive damages pursuant to 15 U.S.C. § 1681n;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681o and/or 1681n;

E. All pre-judgment and post-judgment interest as may be allowed under the law; and

F. Any other and further relief as the Court may deem just and proper.


Dated: May 23, 2022,

*/s/ Brett D. Cragun*
Brett D. Cragun (#8683)
CRAGUN & CRAGUN
PO Box 160234
Clearfield, UT 84016
T: (801) 513-2060
F: (801) 513-2082
E: Brett@BrettCragun.com
*Attorney for Plaintiff*
*Tomas Cruz Villalvazo*